1   JAN I. GOLDSMITH, City Attorney
    ANDREW JONES, Assistant City Attorney
2   DONALD F. SHANAHAN, Chief Deputy City Attorney
    California State Bar No. 49777
3           Office of the City Attorney
            1200 Third Avenue, Suite 1100
4           San Diego, California 92101-4100
            Telephone:  (619) 533-5800
5           Facsimile:   (619) 533-5856

6   Attorneys for Defendants
    City of San Diego, Michael Serrano and Ja'Rodd Jones
7

8                      UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10  B.D. HOWARD III,                        )  CASE NO. 09cv0532 LAB (WMc)
                                            )
11              Plaintiff,                  )
                                            )  **DEFENDANTS CITY OF SAN DIEGO,**
12      v.                                  )  **MICHAEL SERRANO AND JA'RODD**
                                            )  **JONES' ANSWER TO PLAINTIFF'S**
13  STATE OF CALIFORNIA, BY AND             )  **COMPLAINT**
    THROUGH THE CALIFORNIA HIGHWAY          )
14  PATROL; THE CITY OF SAN DIEGO, BY       )
    AND THROUGH THE SAN DIEGO POLICE        )
15  DEPARTMENT; SAN DIEGO POLICE            )
    DEPARTMENT OFFICER J. JONES, BADGE      )
16  NO. 6081; SAN DIEGO POLICE              )
    DEPARTMENT OFFICER M. SERRANO,          )
17  BADGE NO. 6186; CALIFORNIA HIGHWAY      )
    PATROL OFFICER E.D. COLUNGA, BADGE      )
18  NO. 015664; CALIFORNIA PATROL           )
    OFFICER METINIC, BADGE NO. 013425 and   )
19  DOES 1 through 10, inclusive,           )
                                            )
20              Defendants.                 )
                                            )
21

22          Defendants CITY OF SAN DIEGO, MICHAEL SERRANO and JA'RODD JONES

23  ("Defendants") and each of them, sued in their individual and/or official capacity, as named in

24  the caption of the Plaintiff's Complaint, filed December 31, 2008, in the Superior Court of

25  California, County of San Diego, and as removed from that State Court to this Court on or about

26  March 17, 2009, do answer that complaint as follows:

27          **Paragraph 1 [Parties]** Defendants affirmatively alleged that said paragraph contains

28  allegations as to the parties to this action, which present legal conclusions and questions of law

                                        1

1  to be determined solely by the court, to which no answer is required. To the extent an answer is

2  required, each, all, and every allegation contained in said paragraph is denied.

3      **Paragraph 2 [The Pleading]** The Defendants affirmatively alleged that said paragraph

4  contains an administrative statement regarding the pages to the Plaintiff's Complaint, to which

5  no answer is required.

6      **Paragraphs 3-4 [Allegations Regarding the Plaintiff]** The Defendants affirmatively

7  alleged that said paragraph does not contain any statement by the Plaintiff, accordingly no

8  answer is required.

9      **Paragraph 5 [Character of the Defendants]** the Defendants affirmatively alleged that

10  the individuals named in the Caption to the Plaintiff's complaint are natural persons, except for

11  and/or the other defendants which is part of a public entity - the City of San Diego.

12      **Paragraph 6 [Doe Defendants]** The Defendants affirmatively alleged that said

13  paragraph contains an administrative statement regarding the designation of Does, for Plaintiff's

14  Complaint, to which no answer is required.  Defendants however affirmatively allege that the

15  persons or entities for the single event in question are or with due diligence should be known to

16  the Plaintiff at this time and at the time of the filing of the Complaint.

17      **Paragraph 7 [Joinder per Cal. Code Civ. Proc § 382]** The Defendants affirmatively

18  alleged that said paragraph does not contain any statement by the Plaintiff, accordingly no

19  answer is required.

20      **Paragraph 8 [Jurisdiction]** The Defendants affirmatively deny that jurisdiction is proper

21  in the State Court, where the Plaintiff raises a federal question and invokes the jurisdiction of the

22  federal court.

23      **Paragraph 9 [Compliance with pre-litigation requisites]** The Defendants affirmatively

24  deny that Plaintiff fully and properly complied with pre-litigation requisites, including as set

25  forth in the California Government Code and including for the claim, count or cause of action

26  under state law, principally, here, for negligence, against a public entity defendant and/or its

27  employees, agents or assigns.

28  / / /

2

**Paragraph 10 [Causes of Action - Attached]** The Defendants affirmatively deny at any time the event(s) placed at issue by the Plaintiff's complaint and affirmatively contend that at all times the conduct in question of the Defendants and each of them was reasonable and that no violation of any right occurred.  Moreover, and to the extent that the paragraph contains matters which are purely administrative, no answer is required.

**Paragraph 11 [Causation]** The Defendants affirmatively deny that Plaintiff sustained damage as a result any act by any defendant herein. Defendants are without information to specifically deny the Plaintiff's claims as to a specific loss of wages, expenses or earning capacity and do also generally deny same.  Defendants do also affirmatively contend that at all times the conduct in question of the Defendants and each of them was reasonable, that no violation of a duty of care occurred and that no violation of any right occurred.

**Paragraph 12 [Wrongful Death Damage Allegations]** The Defendants affirmatively alleged that said paragraph does not contain any statement by the Plaintiff, accordingly no answer is required.

**Paragraph 13 [Jurisdiction over Relief]** The Defendants affirmatively alleged that jurisdiction is proper in this federal court.

**Paragraph 14 [Judgment]** The Defendants affirmatively deny that Plaintiff sustained damage as a result any act by any defendant herein. Defendants are without information to specifically deny the Plaintiff's damages claims as to any compensatory damages and do also generally deny same.  Defendants do also affirmatively contend that at all times the conduct in question of the Defendants and each of them was reasonable, that no violation of a duty of care occurred and that no violation of any right occurred.

**Paragraph 15 [Administrative]** The Defendants affirmatively alleged that said paragraph does not contain any statement by the Plaintiff, accordingly no answer is required.

**The First Cause of Action [General Negligence]** - These answering Defendants deny the allegations contained in this Cause of Action.

**The Second Cause of Action [Intentional Tort]** - These answering Defendants deny the allegations contained in this Cause of Action.

3

1        **The Third Cause of Action [False Imprisonment]** - These answering Defendants deny

2  the allegations contained in this Cause of Action.

3        **The Fourth Cause of Action [Battery]** - These answering Defendants deny the

4  allegations contained in the First Cause of Action.

5        **The Fifth Cause of Action [Assault]** - These answering Defendants deny the allegations

6  contained in this Cause of Action.

7        **The Sixth Cause of Action [Intentional Infliction of Motional Distress]** - These

8  answering Defendants deny the allegations contained in this Cause of Action.

9        **The Seventh Cause of Action [Violation of Civil Rights-42 U.S.C. §1983]** - These

10  answering Defendants deny the allegations contained in this Cause of Action.

11        **The Eight Cause of Action [Conspiracy to Violate Civil Rights]** - These answering

12  Defendants deny the allegations contained in this Cause of Action.

13        **The Ninth Cause of Action [Conspiracy to Violate the Bane Act]** - These answering

14  Defendants deny the allegations contained in this Cause of Action.

15        **The Tenth Cause of Action [Violate the Bane Act]** - These answering Defendants deny

16  the allegations contained in this Cause of Action.

17                                      <u>**AFFIRMATIVE DEFENSES**</u>

18        As separate, distinct and affirmative defenses to the Complaint on file herein, and to each

19  cause of action, these answering defendants allege as follows:

20                                              **I**

21        Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against

22  these answering defendants.

23                                             **II**

24        Defendant, City of San Diego, its agents and employees, and the Defendant police

25  officers acted in good faith and with a reasonable belief that their conduct was lawful and

26  necessary.

27  */ / /*

28  */ / /*

4

**III**

Defendant, City of San Diego, is immune from liability in that a public entity is not liable for an injury arising out of its acts or omissions or of a public employee, in the absence of a statute declaring such liability, pursuant to Government Code section 815.2(b).

**IV**

An employee is not liable for his acts or omissions, while exercising due care, in the execution or enforcement of any law.  (Gov't. Code §§ 820.4 and 815.2.)

**V**

Any employee of the City is not liable for an injury resulting form an act or omission of the employee where such act or omission was the result of discretion vested in the employee. (Gov't Code §§ 815.2.b and 820.2.)

**VI**

Public employees are not liable for an injury caused by the act or omission of another person.  (Gov't Code § 820.8.)

**VII**

Defendant, City of San Diego, and its agents and employees are not liable for punitive damages. (Gov't Code § 818.)

**VIII**

Defendant, City of San Diego, its agents and employees, and the Defendant police officers are not liable for injuries resulting from acts or omissions which were an exercise of discretion in the absence of a statute declaring such liability.

**IX**

Defendant, City of San Diego, its agents and employees, and the Defendant police officers are not liable while acting within the scope of their duties for injuries resulting from judicial or administrative proceedings.

/ / /

/ / /

/ / /

5

**X**

Defendant, City of San Diego, its agents and employees, and the Defendant police officers are not liable for the execution or enforcement of the California Penal Code where due care is exercised.

**XI**

Defendant, City of San Diego, its agents and employees, and the Defendant police officers are not liable for violation of the plaintiff's civil rights in that the alleged wrongful acts were not under color of any statute, ordinance, regulation, custom or usage of the City of San Diego.

**X**

The conduct in question did not constitute a violation of a federally protected right.

**XI**

Defendants acted reasonably and within the course and scope of their employment at all times, and are therefore entitled to qualified immunity.

**XII**

Plaintiff was negligent in and about the matters alleged in the Complaint and said carelessness on his own part proximately contributed to the happening of the alleged incident, injuries and damages complained of, if any such exist.

**XIII**

Defendant, City of San Diego, its agents and employees, and the Defendant police officers were at all times alleged in the Complaint performing duties required by law under conditions required by law.

**XIV**

Any and all acts of the defendant, City of San Diego, its agents and employees, and the Defendant police officers at or near the time alleged in the Complaint were reasonable and said defendants had reasonable cause to act in the manner they did.

/ / /

/ / /

**XV**

At the time of the initial contact, the Defendant police officers were acting within the scope of their employment and had probable cause to believe that Plaintiff was engaging in, or had just engaged in, a prohibited activity. During the contact, the Defendant police officers were acting within the scope of his employment and had probable cause to believe that said person had committed a crime.

**XVI**

The facts alleged in the Complaint, and each cause of action therein, do not constitute a cause of action against these answering defendants, in that Plaintiff failed to comply with the claims presentation requirements set forth in Government Code section 901, et seq.

**XVII**

Defendant cannot be held vicariously liable or liable on a theory of *respondeat superior* for the alleged actions of others.

WHEREFORE, these answering defendants pray judgment as follows:

1.  Plaintiff take nothing by his Complaint;

2.  Defendants receive their costs of suit incurred herein; and

3.  Such other relief as the court deems proper.


Dated:  March 18, 2009                          JAN I. GOLDSMITH, City Attorney


                                                By   */s/ Donald F. Shanahan*
                                                     Donald F. Shanahan
                                                     Chief Deputy City Attorney

                                                Attorneys for Defendants
                                                City of San Diego, Michael R. Serrano and
                                                Ja'Rodd Jones

7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| D.B. HOWARD III<br>Plaintiff, | CASE NO. 09cv0532 LAB (WMc) |
| v. | |
| CITY OF SAN DIEGO, et al.,<br>Defendants. | DECLARATION OF SERVICE |

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; and that I served the individuals on the service list attached hereto the following documents: **DEFENDANTS CITY OF SAN DIEGO, MICHAEL SERRANO AND JA'RODD JONES' ANSWER TO PLAINTIFF'S COMPLAINT CIVIL CASE COVER SHEET, NOTICE OF REMOVAL OF CIVIL ACTION,** in the following manner: (Check one)

1)___ By personally serving the individual named by personally delivering the copies to the offices of the addressee.

Time of delivery: _____ a.m./p.m.

2)___ By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing copies (first class mail, postage prepaid) to the person served at the place where the copies were left.

3)___ By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing copies (first class mail, postage prepaid) to the person served at the place where the copies were left.

4) XX By placing a copy in a sealed envelope and placing it for collection and mailing with the United States Postal Service this same day, at my address shown above, following ordinary business practices.

B.D. Howard III
154 21st Street
San Diego, CA 92102
(619) 297-2851
*Pro Per Plaintiff*

Executed: March 18, 2009, at San Diego, California.

_____
SHELLEY CARTER

8